UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
JUL 08 2013
PER _____
DEPUTY CLERK

CHRISTOPHER R. BAKER,
    Movant,

v.

DONALD T. VAUGHN, et al.,
    Respondent.

CIVIL ACTION NO. 3:01-0601

(Judge Kosik)

## MEMORANDUM

Before the court is a Motion for Relief from Judgment under Fed. R. Civ. P. 60 (b)(6) (Doc. 25). For the reasons which follow, the Motion will be denied.

## BACKGROUND

Movant, Christopher R. Baker, an inmate confined at the State Correctional Institution at Somerset, Pennsylvania, filed the instant Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) on March 21, 2013 (Doc. 25). The basis of Movant's motion is the dismissal of his habeas corpus petition on August 9, 2003, and specifically, Movant's claim of ineffective assistance of counsel because his trial counsel advised him to waive his constitutional right to a jury trial and to proceed to trial before a judge.

On May 16, 1992, Movant, who was sixteen (16) years old at the time, was arrested for the murder of Dorothy Wilkinson.[1] On March 3, 1993, Movant's trial counsel[2] advised him to waive his right to a jury trial and to seek a trial before a

---

[1] The factual information set forth in this Memorandum will be taken from the Movant's motion (Doc. 25), unless otherwise indicated.

[2] It appears from the information set forth by Movant that he was represented by two attorney's acting as co-counsel, Thomas Walrath and Dennis Luttenauer. Both counsel testified at his PCRA hearing.

judge. A three (3) day non-jury trial was presided over by the Honorable John B. Leete in the Court of Common Pleas of Potter County from March 8 through March 11, 1993. At the conclusion of the non-jury trial, Movant was found guilty of first degree murder and theft. On June 15, 1993, Movant was sentenced to a mandatory life sentence without parole on the murder charge and a concurrent sentence of eleven (11) to forty-eight (48) months on the theft charge.

Movant sought appellate and post conviction relief in the state courts. In 2001, Movant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in the federal courts. On August 9, 2003, this court dismissed petitioner's petition for writ of habeas corpus (Doc. 24).

In the instant motion, Movant states that the claim at issue in this 60(b) Motion is the ineffective assistance of both trial counsel for having advised him to waive his constitutionally given right to a jury trial. Movant points out that this court found this claim to be procedurally defaulted because he failed to raise it in a timely manner in the state courts.[3] Movant then addresses the testimony of both counsel at a PCRA evidentiary hearing in 1998 and a state habeas (second PCRA) hearing in 2001. Specifically, Movant states:

> At a PCRA evidentiary hearing in 1998 and a state habeas hearing (second PCRA) in 2001 both trial counsels testified that they believed that the judges (trial) knowledge of Petitioners juvenile history would cause the judge to be so sympathetic toward Petitioner that the judge would only convict him of third-degree murder – despite the fact that none of Petitioner's juvenile history was made part of the trial record. Based on this counsel's convinced Petitioner to waive his constitutional right to a jury trial on March 3, 1993 one week before trial was to start. (Doc. 25, p. 3)

Movant then goes on to quote excerpts of counsels' testimony at the 1998 and 2001 PCRA hearings. One trial counsel testified that he believed if Movant was tried by a jury, he would be convicted of murder in the first degree. Both counsel stated that

---

[3] Doc. 25, p. 3.

the basis for their advise to Movant that he waive his right to a jury trial and proceed to trial before Judge Leete was that Judge Leete presided at the decertification hearing, that he was aware of Movant's past history as a juvenile and that they hoped that this knowledge would invoke sympathy in the Judge so as to warrant a finding of third degree murder.

Movant then references two cases decided by the United States Supreme Court on March 21, 2012, Missouri v. Frye, 132 S. Ct. 1399 and Lafler v. Cooper, 132 S. Ct. 1376. Movant asserts that the Frye and Lafler cases reaffirm the fact that in cases involving jury waivers and guilty pleas, the merit of ineffective assistance of counsel claims can only be reached through the standard set in Hill v. Lockhart, 474 U.S. 52 (1985). Movant argues that in evaluating a claim that ineffective assistance of counsel led to the improvident acceptance of a guilty plea, a defendant must show that there is a reasonable probability that, but for counsels' errors, the defendant would not have pled guilty and would have insisted on going to trial. Movant argues that in his case, while he did not plead guilty, he would have insisted on going to trial by jury, as opposed to waiving that right, based on illegitimate advice. Movant asserts that the publication of Frye and Lafler marked the first time that he became aware that Hill "provided the only possible standard for reaching the merits of his claim."

Movant stated that on May 18, 2012, he filed a PCRA petition in the Court of Common Pleas of Potter County asserting the retroactivity of Frye and Lafler for the application of Hill and Commonwealth v. Mallory, 941 A. 2d 686, 699-704 (Pa. 2008), adopting Hill. On July 9, 2012, the Common Pleas Court entered an Order appointing counsel and scheduling a status hearing. Movant also filed an amended PCRA petition with regards to the United States Supreme Court's decision in Miller v.

Alabama, 132 S. Ct. 2455 (2012).[4] On October 16, 2012, the PCRA petition was "generally continued pending the resolution of the application of Miller v. Alabama, by the Pennsylvania Supreme Court" (Doc. 25, Ex. A). This matter is still pending in the state court.[5]

Movant asserts that because of time constraints surrounding a 60(b)(6) Motion, namely a one year time bar, he filed the instant Motion on March 21, 2013, one year from the decisions in Frye and Lafler, which were filed on March 21, 2012. Movant then goes on to discuss why he believes he is eligible for relief under Rule 60(b).

DISCUSSION

Federal Rule of Civil Procedure 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

■   ■   ■

(6) any other reason that justifies relief.

Under 60(c), Timing, a motion under Rule 60(b) must be made within a reasonable time – and for reasons (1)(2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.[6]

The first question we must address is whether Movant is entitled to relief under Fed. R. Civ. P. 60(b)(6). We note that the petition for writ of habeas was

---

[4] Miller v. Alabama addresses the constitutionality of a sentence which imposes a mandatory sentence of life in prison for a juvenile offender without the possibility of parole.

[5] We were advised in a call to the Potter County Prothonotary's Office on July 2, 2013 that an Order was entered on June 19, 2013, holding the PCRA motion in abeyance.

[6] We note that "reasonable time", not the one year time bar, applies to motions filed pursuant to Rule 60(b)(6).

dismissed by this court on August 9, 2003. In our 2003 decision, we held that Movant's argument that he was denied effective assistance of counsel when his trial counsel advised him to waive his right to a jury trial was procedurally defaulted.[7] Specifically, we found that Movant failed to raise this argument in a timely manner in the state court.[8]

In Gonzalez v. Crosby, 545 U.S. 524 (2005), the United States Supreme Court addressed a habeas corpus petitioner's Rule 60(b)(6) Motion. In that case, the Court addressed the interplay between a Rule 60(b)(6) Motion and the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA) in a §2254 habeas corpus action. The Court held that a movant may not circumvent the requirements of 28 U.S.C. §2254(b) by filing a Rule 60(b) motion. In determining whether a movant is entitled to relief on a Rule 60(b) motion, the court must look at whether the Rule 60(b) motion in any way attacked the movant's conviction and/or sentence with an argument based upon the federal constitution, federal law or federal treaties. The Court held that where a prisoner filed a Rule 60(b) motion, which makes an argument based upon the United States Constitution, federal law or treaties entered into by the United States, then that purported Rule 60(b) motion is to be treated as similar enough to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with the AEDPA.

In the instant case, Movant is attempting to raise a Sixth Amendment right to effective assistance of counsel claim as the basis for his Rule 60(b)(6) Motion.

---

[7] We note that this claim is the sole issue raised in Movant's Rule 60(b)(6) Motion (Doc. 25, p. 3).

[8] Movant first raised this issue in a Petition for Writ of Habeas Corpus filed in the Court of Common Pleas of Potter County on or about February 16, 2001. The Common Pleas Court treated the petition as a second PCRA petition, noted that it was untimely, but following a hearing, proceeded to address the issues raised in the Petition. In an Opinion filed on October 19, 2001, the Court found that the Movant intelligently and voluntarily waived his right to a jury trial and that based on the testimony presented by both trial counsel, the recommendations of trial counsel that Movant waive his right to a jury were reasonable and understandable (Doc. 18, Attachment). The Superior Court found the petition to be untimely and affirmed the dismissal without addressing the merits (Doc. 18, Exhibit A)

Because we find that Movant is attempting to reassert claims of error in his state conviction, which are based upon the United State Constitution and federal law, we will deny his Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6).

Moreover, even if Movant's Rule 60(b)(6) Motion were found to fall within the exception set forth in Gonzalez v. Crosby, 545 U.S. 524 (2005), we do not find that Movant has shown that "extraordinary circumstances" exist in this case to warrant relief under Rule 60(b)(6). The Movant's motion is based on two cases decided by the Supreme Court in 2012, Missouri v. Frye, _U.S._, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, _U.S._, 132 S. Ct. 1376 (2012). In both cases, a criminal defendant sought a remedy arguing that ineffective assistance of counsel caused non-acceptance of a plea offer and, as a result, further proceedings led to a less favorable outcome. In both cases, the defendant received a harsher sentence than had been offered in the plea bargain. The issue raised was whether counsel's conduct fell below the standard of adequate assistance of counsel guaranteed by the Sixth Amendment and whether there was resulting prejudice to the defendant. We do not believe that the Supreme Court decisions in Frye and Lafler rise to the level of "extraordinary circumstances" warranting relief under Rule 60(b)(6). In addition, Petitioner has not shown that there is a reasonable probability that had he proceeded to trial before a jury, he would have received a more favorable outcome.

In the instant case, Movant accepted advice of counsel, waived his right to a jury trial, and agreed to proceed to trial before a judge. As outlined in his 60(b)(6) Motion, both counsel testified that they believed that a trial before the judge, who was aware of Movant's background, would result in a more favorable verdict. Petitioner raised an ineffective assistance of counsel issue in the state court and in his petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this court. As we indicated above, this is the sole issue raised in the instant motion. We find that movant's Rule

60(b)(6) motion fails to set forth an "extraordinary circumstance" justifying relief. Accordingly, Movant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) will be denied. An appropriate Order will follow.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER R. BAKER,
    Movant,

v.

DONALD T. VAUGHN, et al.,
    Respondent.

CIVIL ACTION NO. 3:01-0601

(Judge Kosik)

## ORDER

AND NOW, THIS 8th DAY OF JULY, 2013, IT IS HEREBY ORDERED THAT:

The Movant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6) (Doc. 25) is **DENIED**.

/s/ Edwin M. Kosik
Edwin M. Kosik
United States District Judge